NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 30, 2020[*]
Decided May 4, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2434

| | |
|---|---|
| ELIZABETH PETERS, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 17-cv-01494-JES-JEH |
| ZHIHONG ZHANG and KATHLEEN TREANOR, <br> *Defendants-Appellees.* | James E. Shadid, <br> *Judge.* |

**O R D E R**

Elizabeth Peters, proceeding pro se, sued two employees of a state mental health institution under 42 U.S.C. § 1983, alleging that they deprived her of social security benefits and personal property without due process. The district court dismissed her suit, concluding that she was statutorily ineligible for the benefits and that it lacked jurisdiction over the remaining claims. We affirm the judgment, though we modify it to clarify that the dismissal is not jurisdictional.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

This case arises from Peters's court-ordered treatment at McFarland Mental Health Center after she was found unfit to stand trial in a criminal matter. Peters did not receive her Bible and cancer medications when she was discharged. She also learned that did not receive her social security benefits for three months of her hospitalization. In her amended complaint, Peters alleged that administrator Zhihong Zhang placed an incorrect date into a federal database, causing the Social Security Administration to withhold her benefits. She also alleged that Kathleen Treanor had represented that Peters would receive her property back when she was discharged, but Treanor "withheld" it instead. Peters sought the social security benefits, which totaled $5,817, and the return of her Bible and medications.

The defendants moved to dismiss. Citing 42 U.S.C. § 402(x)(1)(A), they argued that Peters was not entitled to social security benefits while she was being treated at a state mental health facility. Further, they argued that sovereign immunity barred her claims concerning her personal property because Peters had sued the defendants for acts taken only in their capacities as state employees and sought relief that would subject the state of Illinois to liability. In response, Peters argued that the defendants were personally responsible for the acts she complained of, and further, that they acted as private citizens, not as employees of the state. Placing the wrong date in the database and withholding her property were not within their job responsibilities, she asserted, so sovereign immunity did not apply. The district court granted the defendants' motion, largely adopting their reasoning.

On appeal, Peters first argues that Zhang deprived her of due process because she wrongfully entered a "felony or admissions" date on her paperwork, causing the withholding of Peters's social security benefits. But the record forecloses this claim. In support of their motion to dismiss, the defendants submitted records from Peters's criminal prosecution. These public documents are an appropriate subject of judicial notice, *see Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016), and therefore the district court could consider them without converting the Rule 12 motion into a motion for summary judgment, *see Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1097 n.1 (7th Cir. 2015). These show that a state court found Peters unfit to stand trial for a criminal offense and ordered her to receive mental health treatment. Peters was then admitted to McFarland Mental Health Center and released almost four months later. As the defendants argue, she was therefore ineligible for social security benefits during her confinement at public expense. *See* 42 U.S.C. § 402(x)(1)(A)(ii)(III) (benefits not payable to person "confined by court order in an institution at public expense in connection with … a finding that such individual is incompetent to stand trial"). Indeed, in trying

to quantify the amount of her missed benefits, Peters herself filed a letter from the Social Security Administration stating that she did not receive checks for May 2017 through July 2017 "because you were admitted to a mental institution." The Due Process Clause entitles people to hearings to resolve disputed issues of material fact that affect entitlement to public benefits or the exercise of discretion about them. But no such disputes have been identified, and there was no discretion to exercise: Peters was ineligible for benefits during the months in question, and no one is entitled to a hearing for the purpose of protesting the statutory criteria. *See Atkins v. Parker*, 472 U.S. 115 (1985).

Peters also argues that she stated a claim that Treanor's withholding of her personal property violated her right of due process. The district court accepted the argument that, because the State of Illinois employs Treanor, "sovereign immunity" deprives federal courts of jurisdiction over the claim. The appellees wisely abandon that argument on appeal, contending instead that Peters failed to state a due process claim.

State "sovereign immunity" is no impediment to a plaintiff's suit for damages or injunctive relief against an individual state actor for violating her rights under the federal Constitution. A federal statute, 42 U.S.C. § 1983 (damages), and *Ex Parte Young*, 209 U.S. 123 (1908) (injunctive relief), authorize such lawsuits, and Peters's suit fits the bill. An employee of the state is not "the state" even if following state law and even if the state will indemnify the individual for damages. *Mercado v. Dart*, 604 F.3d 360, 366 (7th Cir. 2010) (status of someone as "the state" does not depend on "whose law supplies the substantive rule or who pays the judgments"). Further, if, as the district court reasoned, the defendants were functionally the same as "the state" (a premise we reject), then it should have avoided the constitutional question altogether because the state is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–70 (1989); *see Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("judges are to address the statutory defense before the constitutional"). And claims under *Ex Parte Young* are proper against only individual officials. *E.A. v. Gardner*, 929 F.3d 922, 925 (7th Cir. 2019).

That gets Peters only so far. Not every property loss caused by a state actor can be remedied under § 1983. For certain deprivations—those caused by the random and unauthorized acts of state officials—the opportunity to sue in state court is the only process that is due. *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981). That applies whether the loss was due to negligent acts, *see id.*, or intentional ones, *see Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Here, Peters asserts that, despite the institution's policy of returning patients' property upon discharge, Treanor held onto hers. That is the type of

random and unauthorized act that must be remedied in state court, if a remedy is available. And Illinois provides a remedy in the Court of Claims. *See* 705 ILCS 505/8. Peters does not meaningfully contend that this remedy is not adequate, and we have concluded that it is. *See Turley v. Rednour*, 729 F.3d 645, 653 (7th Cir. 2013).

To the extent that Peters challenges the decision to admit her to McFarland, she has not alleged (and could not allege) that either defendant was personally involved in the state court's order that she receive mental health treatment to rehabilitate her for her criminal trial, nor does she assert that either defendant decided to admit her for inpatient treatment at McFarland once she was assessed there. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). We have considered Peters's other arguments, and none has merit.

Finally, because the judgment states that the dismissal is for lack of jurisdiction, which is, by definition, without prejudice, and we conclude instead that the complaint failed to state a claim, we MODIFY the judgment to be a dismissal on the merits, and therefore with prejudice. (The judgment does not preclude an otherwise proper suit in the Court of Claims, however.) As modified, the judgment is AFFIRMED.